BENTON, Judge.
Allied Fibers contends that the Workers’ Compensation Commission erred by awarding Walter R. Rhodes, Sr. partial disability benefits for permanent hearing loss caused by his employment. Allied Fibers asserts that in light of the Supreme Court’s recent decision in The Stenrich Group v. Jemmott, 251 Va. 186, 467 S.E.2d 795 (1996), Rhodes’ hearing loss is not a compensable disease under the Workers’ Compensation Act because it is a gradually incurred injury or a cumulative trauma condition. Alternatively, Allied Fibers argues that the claim is barred by the statute of limitations, that the commission erred by remanding the case to the deputy commissioner to take additional evidence on whether Rhodes’ hearing loss is a disease, and that the record does not establish “[b]y clear and convincing evidence, to a reasonable degree of medical certainty, that [Rhodes’ hearing loss] arose out of and in the course of employment,” as required by Code § 65.2-101. We do not address Allied Fibers’ alternative claims because the Supreme Court’s decision in Jemmotb mandates our holding that gradually incurred industrial hearing loss is a noncompensable, cumulative trauma condition or injury. Accordingly, we reverse the commission’s award and. dismiss Rhodes’ claim.
In awarding Rhodes benefits, the commission relied upon the opinions of Dr. Aristides Sismanis, Dr. W. Copely McLean, *103 and Dr. Fred T. Shaia, all of whom diagnosed Rhodes as suffering from bilateral sensorineural hearing loss due to noise exposure. “Sensorineural hearing loss originates in the inner ear” or cochlea. Robert A. Dobie, M.D., Medical-Legal Evaluation of Hearing Loss 29 (1993). Exposure to noise causes the stereocilia on the outer hair cells in the cochlea to
lose their stiffness and hence their ability to vibrate in response to sound; this causes a reversible hearing loss (temporary threshold shift, or TTS). After repeated hazardous exposures, the stereocilia become permanently damaged, the hair cell dies, and permanent threshold shift (PTS) occurs. The more intense and prolonged the exposures, the greater the degree of outer hair cell loss. Eventually, inner hair cells and auditory nerve fibers will be lost as well.
Id. at 135 (emphasis added) (citations omitted). Thus, typical noise-induced hearing loss is a gradually incurred impairment resulting from cumulative trauma.
Noise damage to sensorineural hearing belongs under the general heading of traumatic injury because it is strictly a physical force. However, it does not fit the classic definition of injury, namely a sudden event produced by immediate trauma.
Attorney’s Textbook of Medicine § 84.65 (Roscoe N. Gray & Louise Gordy, eds., 3d ed., 1995).
In Jemmott, the Supreme Court reiterated that “[a] definition of either ‘injury’ or ‘disease’ that is so broad as to encompass any bodily ailment of whatever origin is too broad because it would make unnecessary and meaningless the two categories specifically set forth in the Act.” 251 Va. at 194, 467 S.E.2d at 799-800 (quoting Holly Farms v. Yancey, 228 Va. 337, 340-41, 321 S.E.2d 298, 300 (1984)). See also Merillat Indus., Inc. v. Parks, 246 Va. 429, 433, 436 S.E.2d 600, 602 (1993). Consequently, the Court rejected The Sloane-Dorland Annotated Medical-Legal Dictionary definition of disease that we adopted in Piedmont Mfg. Co. v. East, 17 Va.App. 499, 438 S.E.2d 769 (1993), as being too broad. In *104 rejecting a purely medical definition of “disease,” the Court noted that the meaning of disease under the Act is a mixed question of law and fact, and that “just because a doctor opines that a particular impairment is a disease does not necessarily make it so.” Jemmott, 251 Va. at 198, 467 S.E.2d at 801. The Court further held that “an impairment resulting from cumulative trauma caused by repetitive motion ... must be classified as an injury, not a disease, and ... under Merillat, is not compensable.” Id. at 198, 467 S.E.2d at 802.
Rhodes contends that the Supreme Court’s holding in Jemmott applies only to cumulative trauma conditions caused by repetitive motion. However, Rhodes “overlooks the fact that the opinion represents a clear refusal ‘to broaden the scope of the Act to include job-related impairments arising from repetitive motion or cumulative trauma.’ ” Id. at 199, 467 S.E.2d at 802 (quoting Merillat, 246 Va. at 433, 436 S.E.2d at 601-02) (emphasis added). The Supreme Court’s holding is clear and unequivocal, and leaves no doubt that in Virginia cumulative trauma conditions, regardless of whether they are caused by repetitive motion, are not compensable under the Act.
Both this Court and the commission have long held that hearing loss caused by exposure to noise at work is a compensable disease. See Bader v. Norfolk Redevelopment & Hems. Auth., 10 Va.App. 697, 700, 396 S.E.2d 141, 143 (1990); Island Creek Coal Co. v. Breeding, 6 Va.App. 1, 8-9, 365 S.E.2d 782, 786-87 (1988); Hale v. Clinchfield Coal Co., 59 O.I.C. 112 (1981); Mullins v. Clinchfield Coal Co., 58 O.I.C. 253 (1978); Lee v. Norfolk Gen. Hosp., 57 O.I.C. 226 (1977); Rodahaver v. Allegheny Airlines, 56 O.I.C. 270 (1975). However, when the Supreme Court reversed this Court’s decision in Jemmott, it also vacated and remanded to this Court Tara K Coal Co. v. Glenn Collier, Record No. 1327-95-3, 1995 WL 686093 (Unpublished, November 21,1995), in which this Court had held that sensorineural hearing loss was proved to be an occupational disease. Viewed in this context, we conclude that the holding in Jemmott logically leads to the conclusion that a hearing impairment resulting from cumulative trauma is not a *105 disease under the Act.[1] Therefore, we hold that hearing loss caused by prolonged exposure to noise at work is a noncompensable gradually incurred injury. Accordingly, we reverse the commission’s award of benefits and dismiss the claim.

Reversed and dismissed.

. As a result of Jemmott, Virginia, departs from the course followed by the overwhelming majority of the states in holding that carpal tunnel syndrome (CTS) caused by employment and hearing loss caused by exposure to occupational noise are not compensable. See 4 Arthur ■ Larson, Workmen’s Compensation App. B, Table 12A (1995) (occupational hearing loss). See also Addendum to this opinion (listing states that have allowed employees to recover for CTS caused by employment).
We also note that the Indiana Court of Appeals has held that cumulative trauma conditions, including hearing loss, are not occupational diseases under the Indiana workers' compensation scheme. See Duvall v. ICI Americas, Inc., 621 N.E.2d 1122, 1124-27 (Ind.Ct.App.1993) (cumulative trauma conditions); Martinez v. Taylor Forge & Pipe Works, 174 Ind.App. 514, 368 N.E.2d 1176, 1179-80 (1977) (hearing loss). However, cumulative trauma conditions, such as caipal tunnel syndrome and occupational hearing loss, are compensable under the Indiana Act as injuries because the Indiana courts have interpreted that statutory phrase "injury ... by accident" to mean accidental injury and, thus, to include gradually incurred injuries. See Evans v. Yankeetown Dock Corp., 491 N.E.2d 969, 973-75 (Ind.1986); Four Star Fabricators, Inc. v. Barrett, 638 N.E.2d 792, 795 (Ind.Ct.App.1994); Duvall, 621 N.E.2d at 1126. Ordinarily, these decisions would be significant because "[t]he Virginia Workmen’s Compensation Act is based upon the Indiana statute, so ... the construction placed upon the Indiana law by the courts of that state merits our consideration.” Barksdale v. H.O. Engen, Inc., 218 Va. 496, 499, 237 S.E.2d 794, 796 (1977). Nevertheless, although the Virginia definition of "injury” under Code § 65.2-101 employs language nearly identical to that in the Indiana statute, see Ind.Code Ann. § 22-3-2-2(a) (Burns 1992), by court decision gradually incurred injuries are not compensable under the Virginia Act. Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). We are bound by the Supreme Court’s unequivocal rulings. Roane v. Roane, 12 Va.App. 989, 993, 407 S.E.2d 698, 700 (1991).