COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


UNITED AIRLINES, INC.
                                              OPINION BY
v.         Record No. 2156-96-4    JUDGE JERE M. H. WILLIS, JR.
                                            MARCH 18, 1997
HELME V. WALTER

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Elizabeth A. Zwibel (Siciliano, Ellis, Dyer &
              Boccarosse, on brief), for appellant.

              Helme V. Walter, pro se.


     On appeal from a decision of the Workers' Compensation

Commission awarding Helme V. Walter medical benefits, United

Airlines contends that the commission erred (1) in determining

that Ms. Walter's photosensitivity was a compensable disease, and

(2) in finding that Ms. Walter had proved by clear and convincing

evidence that her photosensitivity resulted from her employment

by United Airlines.  We do not address United Airlines' second

contention because the Supreme Court's decision in The Stenrich

Group v. Jemmott, 251 Va. 186, 467 S.E.2d 795 (1996), compels our

holding that gradually incurred photosensitivity is a

noncompensable cumulative trauma or injury.  See Allied Fibers v.

Rhodes, 23 Va. App. 101, 474 S.E.2d 829 (1996).  Accordingly, we

reverse the commission's award and dismiss Ms. Walter's claim.

     Ms. Walter has worked as a reservation agent for United

Airlines for approximately six years.  On August 25, 1995, she

moved to a new work station, which was equipped with bright

fluorescent lighting.  At that time, her eyes began to burn.

Within a week, she noticed darkening of a mole on her arm,

developed speckles and coloration on her arms, and experienced

joint pains and visual difficulty.

In awarding Ms. Walter medical benefits, the commission

relied upon the medical opinions of Dr. Nancy V. Bruckner and Dr.

Alan N. Moshell, both of whom diagnosed Ms. Walter as suffering

from photosensitivity, defined as an "abnormal reactivity of the

skin to sunlight."  The Sloane-Dorland Annotated Medical-Legal

Dictionary 551 (1987).  Based upon Dr. Moshell's March 27, 1996

deposition, the commission held that Ms. Walter's condition was a

disease, and that it resulted from long-term exposure to high

intensity fluorescent lighting at her workplace.

In Jemmott, the Supreme Court rejected a definition of

disease that

> "'is so broad as to encompass any bodily
> ailment of whatever origin [and] would
> make unnecessary and meaningless the
> [injury-by-accident and occupational disease]
> categories specifically set forth in the
> Act.'"

Jemmott, 251 Va. at 198, 467 S.E.2d at 801-02 (citations

omitted).  The Court held that whether a claimant suffers from a

compensable disease remains a mixed question of law and fact, and

"just because a doctor opines that a particular impairment is a

disease does not necessarily make it so."  Id. at 198, 467 S.E.2d

at 801.  In dismissing the commission's award of benefits, the

Supreme Court held that

> job-related impairments resulting from
> cumulative trauma caused by repetitive
> motion, however labeled or however defined,
> are, as a matter of law, not compensable
> under the present provisions of the Act."

Id. at 199, 467 S.E.2d at 802.  The Court went on to say:
> [T]he opinion represents a clear refusal "to
> broaden the scope of the Act to include
> job-related impairments arising from
> repetitive motion or cumulative trauma . . .
> [and] we [have] held that gradually incurred
> traumatic injuries or cumulative trauma
> conditions were not compensable under the
> existing injury by accident-occupational
> disease dichotomy."

Id. at 199, 467 S.E.2d at 802 (quoting Merillat Indus., Inc. v.

Parks, 246 Va. 429, 433, 436 S.E.2d 600, 602 (1993)) (emphasis

added).

In Rhodes, we considered an award for hearing impairment

caused by exposure to noise at work.  In concluding that a

hearing loss from cumulative noise exposure is not a disease

under the Act, we noted that:
> The Supreme Court's holding [under Jemmott]
> is clear and unequivocal, and leaves no doubt
> that in Virginia cumulative trauma
> conditions, regardless of whether they are
> caused by repetitive motion, are not
> compensable under the Act.

Rhodes,  at 104, 474 S.E.2d at 830.

Following Jemmott and Rhodes, we conclude that Ms. Walter's

photosensitivity, resulting from cumulative exposure to radiation

by fluorescent lights, is a gradually incurred injury and not an

industrial disease within the meaning of the Workers'

Compensation Act.  Thus, Ms. Walter's photosensitivity is not

compensable.  Accordingly, we reverse the commission's award of benefits and dismiss the claim.

<u>Reversed and dismissed.</u>
