COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


J.H. MILES SEAFOOD CO./J.H. MILES CO., INC.
 AND FIDELITY & CASUALTY INSURANCE CO.
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2391-96-1     JUDGE RICHARD S. BRAY
                                          APRIL 8, 1997
CAROL A. GUYTON

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Bradford C. Jacob (William C. Walker; Taylor
               & Walker, P.C., on brief), for appellants.

               Kevin L. Hubbard for appellee.



     J.H. Miles Seafood Co. and carrier, Fidelity & Casualty

Insurance Co., (collectively "employer") appeal from a decision

of the Virginia Workers' Compensation Commission awarding

benefits to Carol A. Guyton (claimant) for bilateral plantar

fascitis.  On appeal, employer complains that the commission

erroneously concluded that claimant suffered from a compensable

occupational disease.  We agree and reverse the decision of the

commission.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     A claimant seeking benefits under the Virginia Workers'

Compensation Act must prove either "an injury by accident or an

occupational disease 'arising out of and in the course of the

employment.'"  Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29,

───────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

37, 422 S.E.2d 165, 169 (1992) (quoting Code § 65.2-101). However, "job-related impairments resulting from cumulative trauma . . . , however labeled or however defined, are, as a matter of law, not compensable under the . . . Act." The Stenrich Group v. Jemmott, 251 Va. 186, 199, 467 S.E.2d 795, 802 (1996). This principle applies to all "cumulative trauma conditions, regardless of whether they are caused by repetitive motion." Allied Fibers v. Rhodes, 23 Va. App. 101, 104, 474 S.E.2d 829, 830 (1996).

Claimant asserts that we are not controlled by Jemmott and its progeny in this instance because her physicians diagnosed an "occupational disease" and "there are no diagnoses by the claimant's physician[s], nor any other evidence, that repetitive motion or cumulative traumas were the cause and/or basis of her present impairment." However, "just because a doctor opines that a particular impairment is a disease does not necessarily make it so," Jemmott, 251 Va. at 198, 467 S.E.2d at 801, and the evidence clearly supported the commission's finding that claimant's malady resulted from prolonged standing, a circumstance necessitated by her occupation.[1]

---

[1]Dr. Molligan's notes reflect that claimant's employment "require[d] her to stand for long periods of time on concrete," and claimant herself testified that Dr. Molligan "told [her] that . . . [her condition] did come from [her] job from [her] doing a lot of standing." She also testified that Dr. Gibbs advised that her condition "came from [her] job, from [her] doing a lot of standing on thin rubber mats, working on concrete all day long, standing, only taking ten-minute breaks and not really taking breaks like [she] should. . . . [J]ust constantly standing."

In Rhodes, we applied Jemmott to conclude that hearing loss caused by employment related noise exposure is a noncompensable cumulative trauma injury. 23 Va. App. at 102-04, 474 S.E.2d at 830-31. We noted in Rhodes that hearing loss "does not fit the classic definition of injury, namely a sudden event produced by immediate trauma," but, nevertheless, "'belongs under the general heading of traumatic injury because it is strictly a physical force.'" Id. at 103, 474 S.E.2d at 830 (emphasis added) (quoting Attorney's Textbook of Medicine § 84.65 (Roscoe N. Gray & Louise Gordy, eds., 3d ed. 1995)). Similarly, the undisputed evidence here makes clear that the prolonged physical force of the concrete floor against claimant's feet gradually caused her impairment, a noncompensable cumulative trauma.

Accordingly, we reverse the award.

Reversed and dismissed.