*475 FITZPATRICK, C.J., dissenting.
I.
I respectfully dissent. Claimant began working as a florist for New Leaf, Inc. in October, 1993. Her daily duties included handling flowers, floral design and providing floral arrangements for weddings. At least once a week, she processed flowers, which included removing the flowers’ foliage, cutting the flowers’ stems and placing them in water.
In March, 1995, claimant first noticed “blisters” and “a splotchy area” on her right index finger and palm. On August 30, 1995, Dr. John Carpenter, claimant’s family doctor, diagnosed claimant’s condition as dermatitis of unclear etiology. In November, 1995, Dr. Anna Magee, a dermatologist, diagnosed the condition as allergic contact dermatitis. Dr. Magee conducted a “patch test,” which demonstrated that claimant exhibited an allergic reaction to alstroemeria and tulips. Dr. Magee concluded that this was an occupational disease caused by claimant’s exposure on at “least two and probably more physical contacts with the chemicals contained in aistro[e]meria and tulips during her employment.”
At a hearing before the deputy commissioner, claimant testified that she was exposed to two types of flowers, alstroemeria and tulips, that caused her condition. Additionally, claimant testified that “[a] lot of times what has happened to my hand doesn’t happen on the first day or two. It’s after you have worked with it time after time.” Employer did not dispute claimant’s exposure to these flowers or that claimant contracted this condition from her employment. The deputy commissioner entered an award in claimant’s favor.
The full commission affirmed the award of medical benefits and found claimant’s contact dermatitis to be a compensable occupational disease. The commission found that claimant had a disease which was distinguishable from the impairments at issue in the repetitive motion line of cases. See The Stenrich Group v. Jemmott, 251 Va. 186, 199, 467 S.E.2d 795, 802 (1996) (“job-related impairments resulting from cumula *476 tive trauma caused by repetitive motion [are] not compensable”). The commission found as follows:
In the case at bar, there is no evidence that the claimant’s condition resulted from “cumulative trauma caused by repetitive motion,” rather, the evidence reveals exposure over time to a particular causative agent resulting in an adverse reaction in the form of contact dermatitis. The evidence demonstrates that it is the irritant contained in the alstroemeria and the tulips that effects the skin changes which manifest as contact dermatitis. The evidence does not establish that cumulative traumatic insults resulting from repetitive motion have caused the claimant’s condition.
II.
Employer argues that claimant’s allergic contact dermatitis is not compensable under Code § 65.2-400, because it was caused by cumulative exposure over an extended time to certain fresh flowers at her employment.[4] I agree.
A claimant seeking benefits under the Act must prove either “an injury by accident or an occupational disease ‘arising out of and in the course of the employment.’ ” Holly Farms Foods, Inc. v. Carter, 15 Va.App. 29, 37, 422 S.E.2d 165, 169 (1992) (quoting Code § 65.2-101). Noting that the definition of a compensable “injury” or “disease” had created difficulties in previous cases, the Virginia Supreme Court in The Stenrieh Group v. Jemmott, 251 Va. 186, 199, 467 S.E.2d 795, 802 (1996), spoke clearly in enunciating the rule regarding gradually incurred impairments. The Court unequivocally stated that “job-related impairments resulting from cumulative trauma caused by repetitive motion, however labeled or however defined, are, as a matter of law, not compensable under the present provisions of the Act.” Id. “We are bound by decisions of the Supreme Court of Virginia and are without authority to *477 overrule them.” Roane v. Roane, 12 Va.App. 989, 993, 407 S.E.2d 698, 700 (1991).
In Allied Fibers v. Rhodes, 23 Va.App. 101, 474 S.E.2d 829 (1996), we held that a gradually incurred hearing loss was not compensable as an occupational disease. We based this decision on the Virginia Supreme Court’s “ ‘clear refusal to broaden the scope of the Act to include job-related impairments arising from repetitive motion or cumulative trauma.’ ” Id. at 104, 474 S.E.2d at 830 (quoting Jemmott, 251 Va. at 199, 467 S.E.2d at 802) (citations omitted). We found the holding in Jemmott “clear and unequivocal, [leaving] no doubt that in Virginia cumulative trauma conditions, regardless of whether they are caused by repetitive motion, are not compensable under the Act.” Rhodes, 23 Va.App. at 104, 474 S.E.2d at 830.
Similarly, in United Airlines v. Walter, 24 Va.App. 394, 396-97, 482 S.E.2d 849, 850 (1997), we held that the claimant’s “photosensitivity, resulting from cumulative exposure to radiation by fluorescent lights, [was] a gradually incurred injury and not an industrial disease within the meaning of the Workers’ Compensation Act.” Therefore, under Rhodes and Jemmott, it was not compensable.
“[T]he doctrine of stare decisis is more than a mere cliche.” Selected Risks Ins. Co. v. Dean, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987) (citation omitted). “Under the rule of stare decisis, a decision by a panel of this court is an established precedent.” Robinson v. Commonwealth, 13 Va.App. 540, 543, 413 S.E.2d 661, 662 (1992). We are not at liberty to ignore our holdings in Rhodes and Walter.
In the instant case, the record demonstrates that claimant’s gradually incurred condition resulted from repeatedly touching alstroemeria and tulips at work. The clear rule from Jemmott and its progeny mandates reversal of the commission’s award.[5] Thus, claimant’s impairment, “resulting from *478 cumulative trauma ... however labeled or however defined, [is], as a matter of law, not compensable under the present provisions of the Act.” Jemmott, 251 Va. at 199, 467 S.E.2d at 802.
For the foregoing reasons, I would reverse.

. Employer does not dispute that claimant’s evidence satisfies the requirements listed in Code § 65.2-400 regarding causation.

. The majority attempts to distinguish the instant case from Walter by limiting Walter to its facts. However, the claimant in Walter developed a skin condition, among other things, from cumulative exposure to *478 radiation. Here claimant developed a skin condition from cumulative exposure to chemicals in certain flowers. The absence in Walter of as detailed an account of the physiology of immunological reactions as the majority provides does not render Walter inapplicable to the facts before us.