HELENE LICHTMAN

V.

JUDI KNOUF, ET AL.

Record No. 931464

June 10, 1994

Present: All the Justices

*A. Robinson Winn (Winn & Jankell,* on brief), for appellant.

*Peter C. Manson, Jr. (Taylor & Walker,* on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

In this appeal, we consider whether an employee's motion for judgment against her former employer and fellow employees claiming intentional infliction of emotional distress is barred by the Workers' Compensation Act, Code §§ 65.2-100 through -1310 (the Act).

Helene Lichtman began her employment with United Services Automobile Association (USAA) in 1989. In her motion for judgment she alleged that beginning in 1991 she became the victim of systematic harassment by her fellow employees, Judi Knouf and Jack Wolcott. The harassment included undocumented complaints, damaging criticisms, defamatory remarks about her character, and constant threats of job termination. As a result of this treatment, Lichtman allegedly suffered serious psychological and psychiatric injury. Lichtman's attempts to use the company's grievance procedure to stop the offending behavior were unsuccessful. After approximately one year of the alleged harassment, Lichtman terminated her employment and subsequently filed this law suit.

In an order entered July 14, 1993, the trial court dismissed the motion for judgment, holding that the exclusivity provision of the Act, Code § 65.2-307, barred the suit. Lichtman appealed that decision, arguing that her injury was not an "injury by accident" as required by the Act because the injury was gradually incurred and was not the result of an identifiable incident causing a mechanical or structural change in the body. We agree, and will reverse and remand the case.

The trial court's decision was based solely on *Haddon v. Metropolitan Life Ins. Co.*, 239 Va. 397, 389 S.E.2d 712 (1990). In that case, this Court was presented with the question whether an *intentional* act could be an injury by *accident* for purposes of the Act. In answering that question in the affirmative, we concluded that an employee's action claiming intentional infliction of emotional distress was barred by the exclusivity provision of the Act. Since the decision in *Haddon*, however, this Court has addressed the issue of "injury by accident" in two cases, both of which were decided after the trial court's decision in this case.

In November 1993, we reaffirmed our prior holdings that an injury by accident for purposes of the Act is restricted to those injuries resulting from an identifiable incident that results in a

sudden mechanical or structural change in the body. In *Merillat Indus., Inc. v. Parks*, 246 Va. 429, 433, 436 S.E.2d 600, 607 (1993), we rejected a claim for compensation based on an injury to a rotator cuff muscle because the injury was the result of cumulative repetitive action and, therefore, was not an "injury by accident." In January of this year, we held that emotional distress alleged by a plaintiff to have been caused by her employer was an injury gradually incurred as the result of repetitive trauma and, therefore, was not an "injury by accident" within the scope of the Act. *Middlekauff v. Allstate Ins. Co.*, 247 Va. 150, 154, 439 S.E.2d 394, 397 (1994).

In both *Merillat* and *Middlekauff*, we reaffirmed the longstanding rule that an "injury by accident" for purposes of the Act does not include a gradually incurred injury. As conceded by the appellee here, we would have to expand this definition of "injury by accident" to encompass the extended period of injury alleged in this case. We declined to expand that definition in *Merillat* and *Middlekauff*, and decline to expand it in this case. We overrule *Haddon* to the extent that it placed gradually incurred injuries within the definition of "injury by accident."

Like the plaintiff in *Middlekauff*, Lichtman alleges that she suffered a gradually incurred injury which was the result of repeated instances of harassment occurring over a period of months. As we held in *Middlekauff*, these allegations "do not allege an injury that can be construed as resulting from an obvious sudden mechanical or structural change in her body," 247 Va. at 153, 439 S.E.2d at 396, and, therefore, Lichtman has not alleged an injury within the purview of the Act. Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

*Reversed and remanded.*

CHIEF JUSTICE CARRICO, with whom JUSTICE COMPTON joins, dissenting.

I dissented in *Middlekauff v. Allstate Insurance Co.*, 247 Va. 150, 439 S.E.2d 394 (1993), cited in the majority opinion, because I thought the doctrine of stare decisis required the Court to give effect to its earlier decision in *Haddon v. Metropolitan Life Insurance Co.*, 239 Va. 397, 389 S.E.2d 712 (1990), with the re-

sult that the judgment in *Middlekauff* would have been affirmed. But, as I pointed out in a footnote to my dissent, 247 Va. at 156 n.*, 439 S.E.2d at 398 n.*, while five justices voted to reverse the judgment in *Middlekauff*, only three voted to overrule *Haddon*. Today, however, the assault upon stare decisis succeeds; five justices vote to overrule *Haddon*, with the result that the judgment of the trial court, which was based solely upon *Haddon*, will be reversed. Hoping to keep the doctrine of stare decisis alive, I would apply the doctrine here, give effect to *Haddon*, and affirm the judgment of the trial court.