## CIRCUIT COURT OF LOUDOUN COUNTY

Diana Zahand

v.

United Airlines, Inc., et al.

October 17, 1994

Case No. (Law) 15480

BY JUDGE JAMES H. CHAMBLIN

This matter is before the Court on demurrers filed by each of the Defendants, United Airlines, Inc., Dyanne Little, Deborah Carter, Donn Swanzy, and Betty Lynn. The Defendants demur to three counts of the Plaintiff's Motion for Judgment: intentional infliction of emotional distress, unlawful search and seizure, and false imprisonment. The Plaintiff has nonsuited a count of abduction and a count of assault and battery.

In ruling on a demurrer, the Court must rule on the legal sufficiency of a pleading, that is, whether the facts, as presented, state a cause of action. For the purposes of deciding a demurrer, the Court takes as admitted the facts well pleaded and inferences properly drawn from the facts alleged. These inferences may be drawn from facts expressly alleged, from facts fairly inferred from the facts alleged, and from facts impliedly alleged. See *Rosillo v. Winters*, 235 Va. 268, 367 S.E.2d 717 (1988).

For the reasons stated hereinafter, the Court will sustain the demurrers of all Defendants as to the count of unlawful search and seizure and will

overrule the demurrers of all Defendants as to the counts of intentional infliction of emotional distress and false imprisonment.

### Unlawful Search and Seizure

In her Motion for Judgment, the plaintiff alleges that the actions of United Airlines and the individual defendants amount to an unlawful search and seizure. These allegations, however, do not constitute a claim upon which Ms. Zahand may be granted relief. Va. Code Section 19.2-59, the basis of Plaintiff's claim, is grounded on the same principles of the Fourth Amendment to the United States Constitution, and, as such, protects residents of the Commonwealth against unreasonable searches and seizures by state officials.

This Code Section "affords in substance only the same protection as that afforded by the Fourth Amendment." *Carter v. Commonwealth*, 209 Va. 317, 163 S.E.2d 589 (1968). Fourth Amendment protections against unreasonable searches and seizures do not apply to nongovernmental searches. *United States v. Jacobson*, 466 U.S. 109, 104 S. Ct. 1652 (1984). Plaintiff's Motion for Judgment does not allege any illegal governmental action, nor can such an allegation be fairly inferred from the pleadings. The demurrers of all the parties as to the count of unlawful search and seizure are sustained.

### Workers' Compensation Bar

The Defendants have demurred to all three counts based on the exclusive remedy provisions of the Virginia Workers' Compensation Act, Virginia Code Section 65.2-100 *et seq.* Having sustained the demurrers as to the unlawful search and seizure count on separate grounds, the Court must only consider the demurrer based on this ground to the counts of intentional infliction of emotional distress and false imprisonment. The Act covers and provides the exclusive remedy for "injury by accident arising out of and in the course of employment."

The Court's review of the law on this matter finds that this case may ultimately be one to be resolved through the Workers' Compensation Act. The Court overrules the demurrers based on the workers' compensation bar, however, because the facts well pleaded, and the inferences fairly drawn from the facts alleged lead the Court to the conclusion that the plaintiff has sufficiently pleaded causes of action which fall outside of the exclusive remedy provisions of the Workers' Compensation Act.

The Supreme Court of Virginia has ruled that injuries resulting from repetitive trauma, continuing physical or mental stress, or other cumulative injuries are not "injuries by accident" as prescribed by Virginia Code Section 65.2-101, and are, therefore, not subject to the exclusive remedy provisions of the Workers' Compensation Act. *See Morris v. Morris*, 238 Va. 578, 385 S.E.2d 858 (1989); *Merrilat Industries, Inc. v. Parks*, 246 Va. 429, 436 S.E.2d 600 (1993). More specifically, in *Middlekauff v. Allstate*, 247 Va. 150, 439 S.E.2d 394 (1994), and *Lichtman v. Knouf*, 248 Va. 138, 445 S.E.2d 114 (1994), the Supreme Court of Virginia ruled that emotional distress that resulted from repetitive trauma and which was gradually incurred did not fall under the workers' compensation bar.

The Motion for Judgment in this case can be fairly read to allege an injury which is not an "injury by accident" under Virginia Code Section 65.2-101. The Supreme Court has ruled that "injury by accident" is an "identifiable incident that occurs at some reasonably definite time," which is the cause of "an obvious sudden mechanical or structural change in the body." *Lane Co. v. Saunders*, 229 Va. 196, 326 S.E.2d 702 (1985).

In her Motion for Judgment, the Plaintiff makes allegations that the Defendants' actions resulted in her being falsely imprisoned and were the cause of her emotional distress. The Plaintiff's pleadings detail the chronology of alleged events, starting on July 14, 1993, with the alleged inquiry by Defendant Lynn as to drug use by the Plaintiff, running through the alleged false imprisonment and the drug testing on that day, and including the events on or about July 17, 1993, when the Plaintiff alleges that rumors of her drug use and comments about the alleged abduction were being spread. The Court is of the opinion that based on these pleadings, the Court can fairly infer that the injuries suffered by Ms. Zahand came as a result of repetitive trauma, continuing physical or mental stress, or other cumulative causes.

The Court believes that these allegations sufficiently state a case of intentional infliction of emotional distress which is not barred by the exclusivity provisions of the Workers' Compensation Act, and for which relief may be granted by this Court. The Court similarly believes that the allegations also sufficiently state a case of false imprisonment which is not barred by the exclusivity provisions of the Workers' Compensation Act, and for which relief may be granted by this Court. The demurrers based on this ground are therefore overruled.

## Sufficiency of Pleadings

The Defendants' other ground for demurring to the counts of intentional infliction of emotional distress and false imprisonment is that the Plaintiff fails to allege facts sufficient to support either claim.

A claim for intentional infliction of emotional distress includes the following elements: (1) that the defendant intended his specific conduct and that he knew or should have known that his conduct would cause the plaintiff emotional distress and (2) that the defendant's conduct was outrageous and intolerable in that it offended generally accepted standards of decency and morality and (3) that the plaintiff suffered severe emotional distress and (4) that the plaintiff's emotional distress was caused by the defendant's conduct. Based on the Motion for Judgment as a whole, the facts well pleaded therein and the inferences fairly drawn therefrom sufficiently state a case of intentional infliction of emotional distress against each of the Defendants.

A claim for false imprisonment includes the following elements: (1) an intentional restriction of a person's freedom of movement without legal right and (2) the intentional use of force, words, or acts which the person restrained is afraid to ignore or to which he reasonably believes he must submit. Based on the Motion for Judgment as a whole, the facts well pleaded therein and the inferences fairly drawn therefrom sufficiently state a case of false imprisonment against each of the Defendants.

The Court overrules the demurrers based on these grounds.