# CIRCUIT COURT OF THE CITY OF RICHMOND

Casandra Brown,
Administratrix of the
Estate of James Brown, Sr.

v.

Possie B. Chenault
and Possie B. Chenault, Inc.

February 25, 2000

Case No. (Law) ML7469

BY JUDGE JAMES B. WILKINSON

The facts in this case are undisputed. The plaintiff is the administratrix for the Estate of James Brown, Sr., who died as a result of injuries sustained in the scope of his employment with the defendant Possie B. Chenault, Inc. On May 12, 1998, Cassandra Brown and James Brown, Jr., filed a workers' compensation claim seeking benefits as the surviving children of James Brown, Sr. That claim was denied on November 13, 1998, because Cassandra Brown and James Brown, Jr., the plaintiff's brother and the decedent's son, were unable to qualify as dependents.

On November 8, 1999, Cassandra Brown filed a Motion for Judgment in this Court against Possie B. Chenault, Inc., and Possie B. Chenault for the wrongful death of James Brown, Sr. The defendant filed a Special Plea of Workers' Compensation, and on January 13, 2000, the parties, by counsel, appeared before this Court, and after hearing the arguments and representations of counsel, the Court held this matter under advisement.

*Issue*

Whether the plaintiff's wrongful death suit is barred by the Virginia Workers' Compensation statute?

■■■■■■

*Argument*

The Defendant has argued that this action is barred by the exclusivity provision of the Virginia Workers' Compensation Act (hereinafter "the Act") which states:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

Va. Code § 65.2-307.[1]

An injury is subject to the exclusivity provision of the Act if it arose out of and in the course of the employment. *Richmond Newspapers v. Hazelwood*, 249 Va. 369, 372 (1995); *Aetna Casualty and Surety v. Dodson*, 235 Va. 346, 350 (1998). An injury is the natural incident of employment when it could "have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the employment." *Richmond Newspapers*, 249 Va. at 372, *citing Bradshaw v. Aronovitch*, 170 Va. 329, 335 (1938). In this case, Mr. Brown was crushed by a tracked excavator bucket while removing dirt from a ditch which had collapsed. The excavator was being operating by Possie B. Chenault as an employee of Possie B. Chenault, Inc. While this accident was tragic, such an injury is foreseeable in the construction industry; furthermore, the plaintiff does not contest that Mr. Brown's death occurred in the scope of his employment with the defendant.

However, the plaintiff has argued that the wrongful death action should not be precluded by the Act for two reasons. First, under the Act, no benefits were conferred to the plaintiff or her brother; therefore, the exclusivity provision should not apply to the wrongful death suit. Second, the plaintiff is

---

[1] "Every employer and employee, except as herein stated, shall be conclusively presumed to have accepted the provisions of this title respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment and shall be bound thereby. Except as otherwise provided herein, no contract agreement, written or implied, and no rule, regulation, or other device shall in any manner operate to relieve any employer in whole or in part of any obligation created by this title." Va. Code § 65.2-300(A).

seeking damages for injuries which are not contemplated by the Act. The Browns are seeking compensation for sorrow, mental anguish, and the loss of solace which is associated with her father's death. Va. Code § 8.01-52 (stating the grounds for recovery in a wrongful death action).

The Virginia Supreme Court has carved out exceptions to the exclusivity provision of the Act for defamation, *Snead v. Harbaugh*, 241 Va. 524 (1991) (holding that an injury to one's reputation is not contemplated under the Act), and harassment, *Lichtman v. Knouf*, 248 Va. 138 (1994) (holding that an injury which was gradually incurred through repeated acts of harassment does not constitute an injury under the Act). The *Snead* Court defined an injury as " 'a lessened facility of the natural use of any bodily activity or capability' ... 'accompanied by a sudden obvious mechanical or structural change in the body'." *Snead v. Harbaugh*, 241 at 527-28, *citing Burlington Mills Corp. v. Hagood*, 177 Va. 204, 209 (1941); *VEPCO v. Cogbill*, 223 Va. 354, 356 (1982). The *Lichtman* Court held that the Act only encompassed injuries which resulted from an obvious sudden mechanical or structural change in the body and the exclusivity provision does not apply to an injury which is incurred gradually over a long period of time. *Lichtman*, 248 at 140.

In the present matter, Mr. Brown's injury meets the requirements for which Workers' Compensation should provide compensation. His injuries were immediate, severe, and ultimately fatal, and the plaintiff has provided no facts which bring them into any of the current exceptions to the exclusivity provision of the Act.

The plaintiff has also argued that since the Act did not provide any benefits, she should not be prohibited from seeking redress through a wrongful death suit. However, the Act is very specific on who may recover benefits. Children are presumed to be dependant if they are under the age of eighteen, mentally or physically incapacitated so that they are unable to earn a living, or under the age of twenty-three and enrolled as a full time student in any accredited educational institution. Va. Code § 65.2-514(A)(3). All other cases of dependency are evaluated on a fact specific basis. Va. Code § 65.2-516. Casandra Brown and James Brown, Jr., did not qualify as dependents of James Brown, Sr., and they have set forth no special facts which cause this Court to reconsider the decision of the Workers' Compensation Commission. Unfortunately, the legislature has not provided an exception for someone in the plaintiff's circumstances to recover through a wrongful death action. While it is indisputable that the Browns' lives have been irreversibly changed by the untimely death of their father, the law, as is it now stands, does not recognize them as dependents entitled to receive workers' compensation

benefits, and the exclusivity provision of the Act prohibits all other actions connected with the injury and death of James Brown, Sr.

## Conclusion

The defendants' special plea of workers' compensation is hereby granted, and the Court dismisses the wrongful death suit filed by Casandra Brown.