# CIRCUIT COURT OF FAIRFAX COUNTY

Lillian Morgan

v.

MDC Holdings, Inc., et al.

May 11, 2000

Case No. (Law) 181156

BY JUDGE R. TERRENCE NEY

This matter came before the Court this day on MDC Holdings, Inc., and Richmond American Homes ("the corporate defendants") Plea in Bar.

Lillian Morgan was employed by Richmond American Homes, a subsidiary of M.D.C. Holdings, ("the corporations") as a new homes salesperson. In her Motion for Judgment, she alleges that Jim LaBelle, a construction supervisor also employed by Richmond American, sexually assaulted her twice in July 1997 at her place of employment during work hours. She further alleges that she reported the first assault immediately after it occurred to both her supervisor and Mr. LaBelle's supervisor and that they took no corrective action. She also alleges that Richmond American knew or should have known that Mr. LaBelle had harassed or assaulted other women. The second assault, culminating in rape, allegedly followed several days after her report of the first assault. After Ms. Morgan, with her then-attorney, reported the second assault, Mr. LaBelle was terminated. Ms. Morgan further alleges that Richmond American made promises to her concerning security measures that were to be instituted after these attacks, as well as time off with pay to recover, but then reneged on these promises. After the first round of

demurrers and pleas in bar, heard by this Court in December, the following counts remain:

(I)    Negligent hiring and retention (the corporations);
(II)   Recklessness and conscious disregard of the rights of Ms. Morgan and others (all);
(III)  Negligence (the corporations);
(IV)   Battery (all);
(V)    Intentional Infliction of Emotional Distress (all);
(VI)   False Imprisonment (all); and
(VII)  Breach of contract (the corporations).

Subsequent to the events alleged in the Amended Motion for Judgment ("AMJ"), Ms. Morgan filed a claim for workers' compensation against Richmond American Homes for injuries to her neck and back suffered as a result of a fall from a stool (when she was changing a lightbulb in a model home) on December 6, 1997. That claim was settled.

The corporate defendants argue that all of Ms. Morgan's claims against them are barred because her exclusive remedy against them is under the Virginia Workers' Compensation Act, Va. Code §§ 65.2-100 *et seq.* ("the Act"). They assert (1) that a sexual assault (regardless of who commits it) that occurs in the course of employment, where the employment substantially increases the risk of such an assault, is compensable under the Act (§ 65.2-301); (2) that Ms. Morgan's Amended Motion for Judgment and interrogatory answers, which she must be bound by for the purposes of this plea, assert that the assaults complained of occurred in the course of her employment and that her employment substantially increased the risk of assault because Mr. LaBelle was also employed there; (3) that, taken as true, Ms. Morgan's allegations are of a sexual assault that falls within the Act; and (4) that the Act is an exclusive remedy and Ms. Morgan may not recover in tort from her employers for any injury covered under the Act, including this alleged sexual assault.

The corporate defendants also allege that, in Ms. Morgan's claim for workers' compensation for her December 6, 1997, injuries, she asserted that she fell off the stool because she has an "exaggerated startle response" as a result of the sexual assault and that this assertion means that her December 6 injuries were caused by the sexual assault; therefore, she had to have been asserting that the sexual assault arose out of her employment, and consequently she has admitted that the Workers' Compensation Commission has sole jurisdiction.

Ms. Morgan argues that (1) when the employee sues the employer in tort, the Act is construed liberally in favor of the employee's being allowed to recover; (2) the corporate defendants bear the burden of pleading and proving that the tort action is barred by the Act; (3) Ms. Morgan's injuries do not constitute "injuries by accident" covered by the Act, and the defendants must prove that Ms. Morgan's depression and post-traumatic stress disorder were compensable as occupational diseases or ordinary diseases of life that arose out of employment; (4) the corporate defendants' threats against Ms. Morgan did not occur during the course of her employment; (5) the sexual assaults did not arise out of Ms. Morgan's employment; (6) the July 11, 1997, assault is not covered by the Act because it was not reported promptly as required by the Act; and (7) Ms. Morgan did not claim or receive workers' compensation benefits for the sexual assaults.

A plea in bar is a defensive pleading that reduces the litigation to a single issue of fact[1] which, if proven, creates a bar to the suit. The moving parties, in this instance the corporate defendants, bear the burden of proof on that single issue. *Weichert Co. of Va., Inc. v. First Commercial Bank*, 246 Va. 108, 431 S.E.2d 308 (1993). Here, the corporate defendants assert that Ms. Morgan's claims against them are covered by the Workers' Compensation Act and are thus barred by the exclusivity provision of the Act.[2] Thus, they must prove that Ms. Morgan's claims in this lawsuit are for damages resulting from an injury (or injuries) sustained in the course of Ms. Morgan's employment and arising out of Ms. Morgan's employment. See *Reamer v. National Service Industries*, 237 Va. 466, 377 S.E.2d 627 (1989).

As a threshold matter, the corporate defendants' argument that this action is barred by Ms. Morgan's claim for workers' compensation benefits for her December 6, 1997, fall from a stool is not tenable. It is clear from the workers' compensation settlement that the claim was only for neck and back injuries suffered as a result of a fall from a stool.[3] Even if Ms. Morgan fell from the

---

[1] It is not clear that a "single" issue of fact is at issue here. Be that as it may, Ms. Morgan does not appear to have opposed the plea on that ground, so the Court will rule on the merits.

[2] It is not disputed in this case that, if an injury is covered under the Act, the injured employee may not recover against the employer in tort. Va. Code § 65.2-307; see generally *Evans v. Newport News Shipbuilding and Dry Dock Co.*, 361 F.2d 364 (4th Cir.), cert. denied, 385 U.S. 959, 17 L. Ed. 2d 304, 87 S. Ct. 397 (1966).

[3] Ms. Morgan is barred by Va. Code § 65.2-307 (the exclusive remedy provision of the Workers' Compensation Act) from seeking from the corporate defendants in this action any damages arising out of the December 6, 1997, neck and back injuries. There is no such specific claim in the Amended Motion for Judgment, but

stool in part because of residual emotional injury arising out of previous assaults, her claim for compensation for injuries from the fall does not constitute a claim for compensation for the psychological and gynecological injuries suffered from the assaults. Compensable injuries can be partially caused by non-compensable pre-existing conditions. See *Combs v. Virginia Elec. & Power Co.*, 259 Va. 503, 525 S.E.2d 278 (2000).

As a second threshold matter, Ms. Morgan argues that her injuries do not constitute "injuries by accident" as required by the Act and defined in *Lichtman v. Knouf*, 248 Va. 138, 445 S.E.2d 114 (1994). This argument is infirm as to claims for injuries arising out of the sexual assaults *per se* because the Act specifically provides that sexual assaults, under the circumstances discussed *infra*, are covered by the Act. Va. Code § 65.2-301. With respect to the alleged infliction of emotional distress by management personnel of the defendant corporations in the form of their responses to her reports of sexual assault and their course of dealings with her after the alleged assaults, Ms. Morgan is correct that the alleged psychological damage resulting from the alleged action of the management personnel of the defendant corporations does not constitute an "injury by accident" and this claim is therefore not covered under the Act. See *Lichtman*, 248 Va. at 139-40, 445 S.E.2d at 114-15.

With respect to the sexual assaults themselves, it is undisputed that both sexual assaults are alleged to have been sustained in the course of Ms. Morgan's employment. She was at work, performing her job duties at the time both sexual assaults are alleged to have occurred. See *Baggett & Meador Cos. v. Dillon*, 219 Va. 633, 248 S.E.2d 819 (1978). What remains at issue is whether the sexual assaults arose out of Ms. Morgan's employment, as required to bring them within the purview of the Act under Va. Code § 65.2-301.

If the employee invokes the provisions of the Act, it should be liberally construed in favor of the employee, and, hence, coverage. Otherwise, the Court must take care to leave the employee's common-law remedies against the employer unimpaired if the injury does not arise out of and in the course of the employment. See *Plummer v. Landmark Communications, Inc.*, 235 Va.

---

some of these damages are included in Ms. Morgan's interrogatory answers. Therefore, this is the proper subject of a motion *in limine*. To the extent that Va. Code § 65.2-301(B) might allow Ms. Morgan to continue to seek to recover such damages from Mr. LaBelle, that claim might be subrogated to the corporate defendants under § 65.2-309. This issue is not decided here and would be one of first impression.

78, 366 S.E.2d 73 (1988), citing *Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790, 20 S.E.2d 530 (1942).

Whether an injury arose out of employment is a mixed question of law and fact. *Roberson v. Whetsell*, 21 Va. App. 268, 463 S.E.2d 681 (1995). The court may consider interrogatory answers and deposition testimony in addition to the allegations in the pleadings. See *Reamer*, 237 Va. at 467, 470, 377 S.E.2d at 628, 630.

Recent Virginia Supreme Court cases involving sexual assaults against employees in the workplace have reached uniform results: if the assault was not directed at the employee because of his or her employment, it does not arise out of the employment. In *Reamer v. National Service Industries*, the plaintiff, a sales person working alone in a furniture-rental store, was sexually assaulted by a man who entered the store through the employees entrance, forcibly took her into the bathroom, and raped her twice before robbing the store. The court found that the sexual assaults were personal to the plaintiff and were not directed at her because she was an employee. Therefore, they were not covered by the Act. 237 Va. 466, 377 S.E.2d 627 (1989).

The result does not change if the assailant is a fellow employee or a supervisor. In *City of Richmond v. Braxton*, the claimant, a ticket-seller in a municipally-owned theater, was assaulted by her supervisor, who fondled her breasts, in the box office. The court found that the sexual assault[4] was not directed at the claimant as an employee and therefore the injury was not covered under the Act, noting that "it is not sufficient to find that the employment is what brought the parties into close proximity." 230 Va. 161, 164, 335 S.E.2d 259, 262 (1985). This is further reinforced by *Richmond Newspapers, Inc. v. Hazelwood*, where a pressroom employee claimed that he was grabbed on the buttocks or genitals (a practice described as "goosing") by his immediate supervisor on five different occasions. The court found that this sexual assault was directed at the employee personally and not against him as

---

[4] The corporate defendants, in oral argument, sought to make distinctions between cases involving actual rape and forcible sodomy, as defined in the applicable criminal statutes and cited in Va. Code § 65.2-301, and assaults of a sexual nature, but of a lesser degree. The *Braxton* court appears to find this to be a distinction without a difference for the purpose of analyzing whether the assault is covered under the Act, as it cites Va. Code § 65.2-301 even though the assault in question involved fondling of breasts as opposed to actual penetration. 230 Va. at 162-63, 335 S.E.2d at 260. This Court declines to hold that the intentional grabbing of, or poking at, a man's genitals, as occurred in *Hazelwood*, is an assault that is not sexual in nature.

an employee as part of the employment relationship. 249 Va. 369, 457 S.E.2d 56 (1995).

Contrary to the argument of the corporate defendants that sexual assaults are always personal to the employee and that following this reasoning would make § 65.2-301 a nullity, there are in fact cases where a sexual assault may arise out of the claimant's employment. In *Reaser v. Harbor Group Real Estate*, the plaintiff was employed as a site manager for a property management company. Her job duties required her to manage, renovate, and clean up apartment buildings, many vacant and vandalized, in a high-crime neighborhood. She was threatened with violence by residents of the neighborhood if she continued to renovate buildings. Subsequently, while checking work done in a building, she was assaulted by three men who attempted to sodomize her. The sexual assault, which resulted in post-traumatic stress disorder, was held to be covered by the Act both because it was directed at her because of the performance of her duties and because her job duties subjected her to a dangerous work environment. 1994 Va. Wrk. Comp. LEXIS 1471. Such circumstances are not present here.

The corporate defendants nevertheless argue that because Ms. Morgan alleges[5] that her work environment was dangerous because of the presence of Mr. LaBelle and further alleges that her employers knew of the danger, both because of his previous conduct towards other women and her own complaint after the first assault, the sexual assaults did arise out of Ms. Morgan's employment and are covered under the Act, citing *Lynchburg Steam Bakery v. Garrett*, 161 Va. 517, 171 S.E. 493 (1933), and *Plummer*.[6] In *Garrett*, the workers' compensation claimant lost an eye when he was shot with a paperclip by a child who had trespassed on the employer's premises with a gravel shooter. The Court found that the claimant's injury arose out of his

---

[5] When the allegations of an employee's motion for judgment against the employer make plain that her remedy is under the Act, the employee has no right to pursue her action at law. *Plummer*, 235 Va. at 84, 366 S.E.2d at 75.

[6] The corporate defendants also rely on *R & T Investments v. Johns*, in which the court decided in favor of coverage in the case of an employee of a firm dealing in precious metals who was required, as one of her job duties, to take her employer's funds to the bank to deposit them. While the plaintiff was standing in line at the teller's window, robbers entered the bank. One placed a shotgun to the back of the employee's neck and removed her employer's money from her hand. The employee fell to the floor, injuring her back. This case is inapposite because the court held that her injury was covered because the peculiar character of her job — the duty of regularly carrying large sums of money to the bank — exposed her to a special risk of being robbed. 228 Va. 249, 321 S.E.2d 287 (1984).

employment because the employer had a duty to remove a hazard of which it knew. The employer had rules against trespassing and the foreman whose duty it was to enforce those rules knew that the child was present, with the gravel shooter, and had threatened to shoot the foreman, but the foreman still did not remove the child from the premises. 161 Va. at 522-23, 171 S.E.2d at 495.

In *Plummer*, a newspaper delivery person was shot by a stranger attempting to rob her while she was waiting to pick up her newspapers in a deserted, dimly-lit parking lot, a pick-up point designated by the employer. She alleged in her tort action that the employer created a dangerous situation by causing her to wait at the pick-up point for inordinate periods of time; that another delivery person had previously reported problems with harassment by unknown third parties; and that a supervisor had been notified and had agreed that this site would stop being used as a pick-up point, but had taken no action. The *Plummer* court, citing *Garrett*, found that there was a causal connection between the plaintiff's injury and the conditions under which her employer required the work to be performed and held that the injury was covered by the Act. 235 Va. at 87, 366 S.E.2d at 77.

The Virginia Supreme Court has twice rejected the corporate defendants' argument in sexual assault cases. In *Reamer*, the employee alleged in her motion for judgment that her employer had negligently and recklessly failed to provide her with a safe place to work in spite of having notice that dangerous conditions had existed for some time at that location. She further testified that her workplace was unsafe because she was often left alone in the store, because lighting around the employee entrance was inadequate, and because the employee entrance had no peephole through which to identify persons seeking entrance. Nevertheless, the *Reamer* court found that the sexual assault did not arise out of her employment, was not covered under the Act, and explicitly distinguished *Plummer*, holding that the shooting injury was covered in *Plummer* because the shooting was "wholly impersonal." *Reamer*, 237 Va. at 470, 377 S.E.2d at 629.

In *Hazelwood*, which included a negligent hiring and retention claim, and where the testimony clearly demonstrated that management personnel knew, prior to the assaults on Hazelwood, that the offending supervisor was engaging in exactly the conduct that Hazelwood complained of, the Court still found that the assault was personal to the employee and not covered under the Act, finding both *Plummer* and *Garrett* to be inapposite. *Hazelwood*, 249 Va. at 374-75, 457 S.E.2d at 58-59. Consequently, it is clear that Ms. Morgan's allegations that her employers knew that Mr. LaBelle had assaulted other women do not bring the sexual assaults against her within the purview of the Act.

The sexual assaults against Ms. Morgan were "personal" in nature and did not arise out of her employment. It cannot possibly be suggested that what occurred here was in any manner in furtherance of the corporate defendants' business. For these reasons, the claims in this action are not covered under the Workers' Compensation Act.

The Plea in Bar is overruled in its entirety.