# Richmond

MARTHA AISTROP, ADMINISTRATRIX OF THE ESTATE OF
RANSOM AISTROP, DECEASED v. BLUE DIAMOND COAL
COMPANY, INCORPORATED.

March 8, 1943.

Record No. 2629.

Present, All the Justices.

The opinion states the case.

*Fred B. Greear*, for the plaintiff in error.

*Pennington & Pennington*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Martha Aistrop, administratrix of the estate of Ransom Aistrop, deceased, hereinafter called the plaintiff, filed in the court below a notice of motion for judgment against the

Blue Diamond Coal Company, Inc., hereinafter called the defendant, seeking to recover damages for the wrongful death of the plaintiff's decedent due to the alleged negligence of the defendant. In substance, the notice of motion alleged that the defendant was the owner and operator of a coal mine in Lee county, Virginia, in which the plaintiff's decedent was, at the time of his death, employed; that the defendant owed its employees the duty of furnishing them a reasonably safe place in which to work, and to that end should have installed in the mine the necessary devices or equipment to ventilate it properly, and to prevent the accumulation therein of noxious gases and poisonous fumes known to it to be dangerous; that the defendant negligently failed and refused to perform its said duty, as the proximate result of which noxious gases and poisonous fumes accumulated in the mine "where plaintiff's intestate was required to go and where he was assigned to work, and that through the process of inhaling (,) said fumes and gases entered the alveoli and air sacs of the lungs of plaintiff's intestate, producing no traumatic effect, but gradually suffocating and poisoning plaintiff's intestate, which after a lapse of time and continued exposure to said gases and fumes resulted in a weakening of *plaintiff's* body to such an extent that when he realized the danger he was in on account of the presence of said gases and fumes in the air and the absence of a sufficient amount of oxygen, that he was unable to remove himself from his said working place, whereupon his condition gradually grew worse and after a time he was asphyxiated and suffocated and did then and there die."

It was further alleged that the defendant, with full knowledge of the unsafe and dangerous condition in the mine, and of the place where the plaintiff's decedent was required to work, negligently and carelessly sent him into the mine "without sufficient air circulated therein as aforesaid, and without any check on plaintiff's intestate with reference to his going in and out of said mine, and without notifying plaintiff's intestate that his safety and life *was* menaced by the condition of the air in said working place", and as the

proximate result of the negligence of the defendant and its officers and agents the plaintiff's decedent "was caused to inhale said * * * noxious gases and poisonous fumes", "and as a direct result thereof * * * was then and there, while in his working place in said mine, gradually, but not accidentally, asphyxiated and suffocated, and which effected and was the proximate cause of his death."

The defendant filed a demurrer to the notice of motion for judgment, and to each count thereof, alleging in substance that by virtue of the provisions of the Workmen's Compensation Act the lower court was deprived of jurisdiction of the subject-matter of the suit. To a judgment sustaining the demurrer and dismissing the action the plaintiff has obtained this writ of error.

The plaintiff's contention before us is that the notice of motion shows on its face that her cause of action is not compensable under the Workmen's Compensation Act (Acts 1918, ch. 400, p. 637, as amended; Michie's Code of 1942, section 1887(1), et seq.), and that hence she has the right to pursue her action at law against the decedent's employer under our holding in *Griffith* v. *Raven Red Ash Coal Co.*, 179 Va. 790, 20 S. E. (2d) 530.

Specifically, the plaintiff contends that the notice of motion shows on its face that the death of the employee was not due to an "injury by accident" within the meaning of subsection (d) of section 2 of the Workmen's Compensation Act. Michie's Code of 1942, section 1887(2)'(d).

The plaintiff admits that her allegation that the employee's death happened "not accidental" is "a mere conclusion of the pleader" and is not determinative of the question before us. This position is correct, and the same may be said· of the allegation that the inhalation of the poisonous gases produced "no traumatic effect" on decedent's body. But, aside from this, the plaintiff insists that her other allegations show that the deceased did not suffer an "injury by accident" within the meaning of the statute.

First, it is argued that asphyxiation or suffocation by the natural and physiological process of inhaling poisonous gases,

which results in no "tearing, bruising, mashing, or changing of the tissues" of the body, is not an "injury" within the meaning of the statute.

We can not agree with this contention. We have frequently said that the words "injury by accident" must be liberally construed in favor of the workman to carry out the humane and beneficent purposes of the Act. *Lynchburg Foundry Co.* v. *Irvin,* 178 Va. 265, 269, 270, 16 S. E. (2d) 646, 648, and cases there cited. This liberal interpretation was applied in *Burlington Mills Corp.* v. *Hagood,* 177 Va. 204, 13 S. E. (2d) 291, where we affirmed an award for a severe nervous shock resulting in disability, even though there was no objective damage to the tissues of the body.

Practically all of the authorities now agree that disability or death of an employee from inhaling poisonous gases is compensable provided the other circumstances are such as to bring the matter within the scope of the workmen's compensation laws. See annotations in 6 A. L. R. 1466, 23 A. L. R. 335, and 90 A. L. R. 619, for a collection of such cases. For an exhaustive discussion of the subject see *Industrial Commission* v. *Tolson,* 37 Ohio App. 282, 174 N. E. 622.

It is argued in the plaintiff's brief that such exposure is peculiar to employees in mines, and that an injury therefrom is in the nature of an occupational disease which is not compensable under the holdings in *Clinchfield Carbocoal Corp.* v. *Kiser,* 139 Va. 451, 124 S. E. 271. However, there is no such allegation in the notice of motion for judgment, and hence, on a consideration of the demurrer, we are not called upon to decide that matter.

The plaintiff next argues that her allegation, that the decedent was "gradually suffocated" "afer a lapse of time and continued exposure" to the noxious gases, negatives the idea that there was a "sudden event" such as is contemplated by the word "accident."

In 25 Harvard Law Review 328, 342, the author deduces this rule from the decisions of the courts in England wherein our workmen's compensation laws had their origin:

"The injury, to be regarded as 'by accident,' must be received * * * at a particular time and in a particular place and by a particular accident. And the accident must be something the date of which can be fixed. It is not enough that the injury shall make its appearance suddenly at a particular time and upon a particular occasion." In other words, the "incident," the act done or condition encountered, "must be shown to have occurred at some reasonably definite time" (id., pp. 342-3).

■ On the other hand, as the author says (id., p. 343), " * * * injury of gradual growth, * * * not the result of some particular piece of work done or condition encountered on a definite occasion, but caused by the cumulative effect of many acts done or many exposures to conditions prevalent in the work, no one of which can be identified as the cause of the harm, is definitely excluded from compensation."

The author further points out (id., pp. 346-8) that there are two practical reasons for this rule. First, if the event can not be fixed with reasonable certainty the employer can not be given the notice required by the Act, and hence it will be difficult for him to verify the claim and protect himself against fraud and imposition. Second, allowing compensation for injuries gradually received would impose upon the last employer the burden of pensioning every workman worn out or invalided by unhealthful exposure on the part of former employers.

This view has been adopted by the great weight of authority in this country. See, Schneider, Workmen's Compensation Law, 2d. Ed., sec. 135, pp. 512, 513; 71 C. J., sec. 329, p. 572. See also, *Peru Plow, etc., Co.* v. *Industrial Commission*, 311 Ill. 216, 142 N. E. 546, 549; *Smith* v. *International High Speed Steel Co.*, 98 N. J. L. 574, 120 A. 188; *Phillips Petroleum Co.* v. *Renegar*, 167 Okla. 496, 30 P. (2d) 922, 924.

■ This principle was applied in *General Printing Corp.* v. *Umback*, 100 Ind. App. 285, 195 N. E. 281. That was an action at law for wrongful death due to the alleged negligence of the employer in having exposed an employee

to lead poisoning over a considerable period of time. It was there held (195 N. E., at page 284) that "Whether the employee died as the result of a disease from injury by accident arising out of and in the course of his employment, or whether his death was the result of the negligent ventilation of the workroom in which he performed his labors, unattended by any injury because of accident, was a question of fact" for the jury.

In *Morrison* v. *Tennessee Consolidated Coal Co.*, 162 Tenn. 523, 39 S. W. (2d) 272, a recovery in an action at law for damages for injuries sustained from the gradual inhalation of dust, fumes and gases while working in a coal mine, because of the employer's negligence in failing to furnish proper ventilation, equipment and air courses, was sustained.

Similarly, a common-law action for damages for injuries to, or death of, an employee due to the gradual inhalation of poisonous gases over a considerable period was held to be the appropriate remedy in *Knaup* v. *Western Coal, etc., Co.*, 342 Mo. 210, 114 S. W. (2d) 969; *Echord* v. *Rush*, 124 Kan. 521, 261 P. 820; *Gentry* v. *Swann Chemical Co.*, 234 Ala. 313, 174 So. 530; *Mauchline* v. *State Insurance Fund*, 279 Pa. 524, 124 A. 168; *Coca-Cola Bottling Co.* v. *Mowry*, 167 Okla. 644, 31 P. (2d) 562; *Liondale Bleach Dye, etc., Works* v. *Riker*, 85 N. J. L. 426, 89 A. 929; 4 N. C. C. A. 713.

But it is equally well settled that where the disability or death of the employee is due to the inhalation of poisonous gases at a particular time and on a particular occasion which can be fixed with reasonable certainty, the event is an "injury by accident" within the meaning of the compensation acts and is compensable thereunder. *Industrial Commission* v. *Tolson, supra; New Marissa Coal Co.* v. *Industrial Commission*, 326 Ill. 116, 157 N. E. 32; *Mauchline* v. *State Insurance Fund, supra; New River Coal Co.* v. *Files*, 215 Ala. 64, 109 So. 360; *Lumbermen's Mut. Cas. Co.* v. *Lynch*, 63 Ga. App. 530, 11 S. E. (2d) 699; *Gurski* v. *Susquehanna Coal Co.*, 262 Pa. 1, 104 A. 801. Other similar cases are collected in 90 A. L. R. 620-4.

The Industrial Commission of Virginia has applied the same principles and has allowed compensation for death or disability due to inhaling poisonous fumes or gases on a particular occasion and at a particular time. See, *Anderson v. Crowell Auto Co.*, 9 O. I. C. 156; *Embrey* v. *Southern Chemical Co.*, 13 O. I. C. 87.

Tested by these principles we think the notice of motion does not necessarily allege that the death of the plaintiff's decedent was due to the sudden inhalation of gas on a particular occasion and at a particular time which can be fixed with reasonable certainty so as to exclude the common-law remedy for the alleged wrongful death and show that the matter is within the exclusive jurisdiction of the Industrial Commission.

The allegation is, "that through the process of inhaling (,) said fumes and gases entered the alveoli and air sacs of the lungs of the plaintiff's intestate, * * * gradually suffocating and poisoning plaintiff's intestate, which after a lapse of time and continued exposure to said gases and fumes resulted in a weakening of *plaintiff's* body to such an extent * * * that he was unable to remove himself from his said working place, whereupon his condition gradually grew worse and after a time he was asphyxiated and suffocated and did then and there die."

There is no allegation as to the length of the "lapse of time" or the duration of the "continued exposure" to which the decedent was subjected. Nor does the notice of motion for judgment allege the duration of the period during which the decedent was being "gradually" suffocated and poisoned. Under the allegation the continued exposure and gradual suffocation could have taken place on a single day, or it may have extended over a considerable period of time. In other words, the allegation is broad enough to cover an event which may be actionable at law or one which may be compensable under the provisions of the workmen's compensation law.

Since the notice of motion does not affirmatively show on its face that the lower court has been deprived of jurisdiction

of the subject-matter of the suit by the provisions of the Workmen's Compensation Act, as alleged in the demurrer, the demurrer should have been overruled.

But there is a further reason why the demurrer should have been overruled. Section 15 of the Workmen's Compensation Act (as amended by Acts 1932, ch. 19, p. 17; Acts 1938, ch. 249, p. 386; Michie's Code of 1936, section 1887(15) ), as it stood at the time of this occurrence, in August, 1941, expressly excludes from its provisions, among others, the situation where less than eleven* employees are regularly in service, "unless such employees and their employers voluntarily elect to be bound by this act." In the absence of an allegation that the defendant had in its employ the requisite number of employees, or that it and its employees had voluntarily elected to be bound by the Act, as required by this section, it does not necessarily appear from the notice of motion for judgment that the Industrial Commission has jurisdiction of the subject-matter of the litigation.

From what we have said it does not follow that the plaintiff necessarily has a good cause of action at law. Whether that is so or whether the matter is governed by the Workmen's Compensation Act will depend upon the application of the principles which we have here stated to the facts and circumstances to be developed at the hearing. All we have decided is that the plaintiff's notice of motion for judgment does not show on its face that her remedy is under the Workmen's Compensation Act and is not in the present common-law action.

For these reasons the judgment complained of is reversed and the case remanded for further proceedings.

*Reversed and remanded.*

---

*For subsequent amendment reducing the required number of employees to seven, see Acts 1942, ch. 162, p. 205; Michie's Code of 1942, section 1887(15).