TEXANNA MIDDLEKAUFF

V.

ALLSTATE INSURANCE COMPANY, ET AL.

Record No. 930375

January 7, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Keenan, JJ.,
and Poff, Senior Justice

*Arthur P. Strickland* for appellant.

*Dana L. Rust (McGuire, Woods, Battle & Boothe,* on brief), for appellees.

JUSTICE KEENAN delivered an opinion in which JUSTICE WHITING and JUSTICE LACY joined.

In this appeal, we consider whether, as the trial court ruled, a plaintiff who alleges that a fellow employee intentionally inflicted severe emotional distress on her in the course of her employment is barred by the exclusivity provision (Code § 65.2-307) of the Virginia Workers' Compensation Act (the Act), Code §§ 65.2-100 to -1310, from bringing an action at law based on this injury. To resolve this issue, we must determine whether the plaintiff alleges an injury arising out of her employment, within the meaning of Code § 65.2-101.

Texanna Middlekauff filed her motion for judgment against Tony Richards and Allstate Insurance Company, alleging that Richards, who was her supervisor during a portion of her employment with Allstate, intentionally "began singling [her] out for harassment and verbal abuse." Middlekauff states that Richards intentionally sought to humiliate her in front of other employees by making derisive comments concerning the fact that she was overweight, as well as sexist and other belittling remarks.

This conduct allegedly began shortly after Richards became Middlekauff's supervisor and continued for an extended period of time, culminating in Middlekauff's departure from her employment. Middlekauff alleges that "[s]uch harassment and humiliation was outrageous and intentional and without justification, and for the purpose of inflicting emotional distress."

After Richards refused Middlekauff's requests that he cease this conduct, she sought the assistance of Richards' supervisor. When Richards' supervisor refused to intervene, Middlekauff brought the matter to the attention of the next higher level of management, where she also was refused any assistance. Middlekauff alleges that "[t]he actions by the supervisors of defendant Richards in refusing to stop the harassment and abuse after they had been apprised of it, amounted to a ratification of such behavior by defendant Allstate."

Middlekauff's health allegedly deteriorated as a result of this situation, and she has required continuing medical care for the emotional problems she suffered as a result of Richards' conduct. Middlekauff states that, as a further result of Richards' actions, she "was forced for medical reasons to leave her job and has suffered and will continue to suffer enormous pain, humiliation, embarrassment, and loss of income and benefits."

The trial court sustained the defendants' plea in bar to the motion for judgment, ruling that Middlekauff's action is barred by the Act, because it "alleges facts which, if true, establish that the injury complained of was an injury, by accident, arising out of and in the course of her employment with Allstate." The trial court therefore dismissed the case with prejudice.

Middlekauff asserts that her tort action is not barred by the exclusivity provision of the Act, because she does not allege an "injury by accident" "arising out of" her employment, as those terms in the Act are construed by this Court. Middlekauff contends that the definition of "injury by accident" set forth in *Morris v. Morris*, 238 Va. 578, 584, 385 S.E.2d 858, 862 (1989), places her claim outside the purview of the Act. In addition, citing *City of Richmond v. Braxton*, 230 Va. 161, 164, 335 S.E.2d 259, 261-62 (1985), Middlekauff argues that, since there is no causal connection between her injury and the conditions under which her employer required her work to be performed, her injury is not one "arising out of" her employment.

In response, the defendants assert that Middlekauff's action is governed by *Haddon v. Metropolitan Life Insurance Co.*, 239 Va. 397, 389 S.E.2d 712 (1990), in which this Court held that the Act provided the exclusive remedy for a claim of intentional infliction of emotional distress based on a continuing pattern of sexual harassment. The defendants argue that their position is supported further by the order of this Court in *Kelly v. First Virginia Bank-Southwest*, 241 Va. ix, 404 S.E.2d 723 (1991). *Kelly* relied exclusively on *Haddon* in affirming the trial court's ruling that the plaintiff's claim of intentional infliction of emotional distress based on cumulative acts of sexual harassment was subject to the exclusivity provision of the Act.

■ In considering these arguments advanced by the litigants, we look first to the definition of "injury" in Code § 65.2-101, which provides that *"[i]njury* means only injury by accident arising out of and in the course of the employment or occupational disease as defined [in] this title." Since Middlekauff does not assert that she has contracted an occupational disease, and because the defendants do not dispute that the acts complained of occurred in the course of her employment, we are left to consider only whether Middlekauff alleges an injury that, under the Act, constitutes (1) an "injury by accident" (2) "arising out of" her employment.

■ As this Court stated in *Snead v. Harbaugh*, 241 Va. 524, 404 S.E.2d 53 (1991), "[w]e have repeatedly held that failure to establish any one of these criteria—'injury,' 'accident,' 'arising out of,' 'in the course of,' and 'employment'—defeats coverage under the Act." Id. at 526, 404 S.E.2d at 54. The comprehensive term "injury by accident" is defined in *Morris* as an *"identifiable incident or sudden precipitating event* [that results] in an *obvious sudden mechanical or structural change in the body."* 238 Va. at 589, 385 S.E.2d at 865 (citation omitted). Applying the above definition, this Court held in *Morris* that injuries resulting from repetitive trauma, continuing mental or physical stress, or other cumulative events, are not "injuries by accident" within the meaning of the Act. *Id.*

■ Here, Middlekauff alleges a gradually incurred injury caused by cumulative events. Specifically, she alleges a "pattern of abusive behavior," continuing over an extended period of time, and she states that this conduct caused her severe emotional distress. Further, Middlekauff's pleadings do not allege an injury that can be construed as resulting from an obvious sudden mechanical or structural change in her body. Therefore, applying the *Morris* definition of "injury by accident," we conclude that Middlekauff has not alleged such an injury within the purview of the Act.

■ The defendants, however, relying on *Haddon*, contend that Middlekauff's action is barred by the Act. Initially, we note that *Haddon* does not contain any reference to *Morris*. The decision in *Haddon* focused on whether an injury caused by an intentional tort committed by a fellow employee can be an "accident" under the Act. This Court concluded that the willful and intentional nature of an injury does not prevent it from being "accidental" within the meaning of the Act. *Haddon*, 239 Va. at 399, 389 S.E.2d at 713-14.

■ In *Haddon*, the issue whether the gradually incurred nature of the injury alleged excluded it from the purview of the Act was not raised by assignment of error or directly addressed by this Court.

Nevertheless, since the jurisdictional requirement of "injury by accident," if lacking, places a claim outside the subject matter of the Act, we must determine whether the result reached in *Haddon,* that a pattern of sexual harassment can be an "injury by accident," can be reconciled with the clear dictate of *Morris* excluding gradually incurred injuries from that definition. We conclude that these principles are irreconcilable.

The rule excluding gradually incurred injuries from the definition of "injury by accident" was first articulated by this Court in *Aistrop v. Blue Diamond Coal Co.,* 181 Va. 287, 293, 24 S.E.2d 546, 548 (1943). Until *Haddon,* our decisions uniformly followed this rule. *See, e.g., Kraft Dairy Group, Inc. v. Bernardini,* 229 Va. 253, 256, 329 S.E.2d 46, 48 (1985); *The Lane Co., Inc. v. Saunders,* 229 Va. 196, 199, 326 S.E.2d 702, 703-04 (1985); *Virginia Elec. & Power Co. v. Cogbill,* 223 Va. 354, 357-58, 288 S.E.2d 485, 487 (1982); *Badische Corp. v. Starks,* 221 Va. 910, 912-13, 275 S.E.2d 605, 606-07 (1981); *Tomko v. Michael's Plastering Co.,* 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In the only case involving gradually incurred injury that has been decided by this Court since *Haddon* and *Kelly,* we again recognized the principle excluding injuries of this kind from coverage under the Act. In *Merillat Industries, Inc. v. Parks,* 246 Va. 429, 436 S.E.2d 600, 602 (1993), we quoted *Morris,* stating:

> "[The] General Assembly, despite repeated invitations to do so, has made no change in the . : . rule with respect to injuries gradually incurred, notwithstanding the passage of 47 years [since the rule was first articulated]."

*Id.* at 433, 436 S.E.2d at 602 (citation omitted).[1]

Our decision today affirms this long-standing rule. A gradually incurred injury is not an "injury by accident" within the meaning of the Act. *Morris,* 238 Va. at 589, 385 S.E.2d at 865. This principle cannot be reconciled with *Haddon,* which placed a gradually incurred injury caused by cumulative events within the Act's purview. Therefore, we overrule *Haddon* to the extent that it placed gradually incurred injuries within the definition of "injury by accident."[2]

---

[1] We also note that, in *Snead v. Harbaugh, supra,* we cited with approval the requirement under the Act that an "injury" be accompanied by a "sudden obvious mechanical or structural change" in the body. 241 Va. at 528, 404 S.E.2d at 55.

[2] Since this Court's order in *Kelly* relied solely on *Haddon,* we do not address *Kelly* separately, but state that our ruling with regard to *Haddon* applies equally to *Kelly.*

For these reasons, we will reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.[3]

*Reversed and remanded.*

SENIOR JUSTICE POFF, with whom JUSTICE STEPHENSON joins, concurring.

Because the decision in this case is controlled by the rule consistently applied in *Aistrop* and its progeny, *viz.*, that injuries gradually incurred as the result of repetitive trauma are not compensable under the Workers' Compensation Act, I concur in the result.

With respect to *Haddon,* however, I would simply eschew any construction that is irreconcilable with those precedents and reaffirm the rule applied in adjudicating the only question litigated in *Haddon,* viz., whether the fact that a tort committed by a fellow employee was intentional rather than negligent prevents an injury caused thereby from being an "injury by accident" within the coverage of the Act.

CHIEF JUSTICE CARRICO, with whom JUSTICE COMPTON joins, dissenting.

In reversing the judgment of the trial court, a majority of this Court refuses to follow *Haddon v. Metropolitan Life Insurance Co.,* 239 Va. 397, 389 S.E.2d 712 (1990), and holds, instead, that the outcome of the case is controlled by *Aistrop v. Blue Diamond Coal Co.,* 181 Va. 287, 24 S.E.2d 546 (1943), and its progeny, including *Morris v. Morris,* 238 Va. 578, 385 S.E.2d 858 (1989). Indeed, three members of the majority would go so far as to overrule *Haddon,* which was decided less than four years ago.

I thought the doctrine of stare decisis was "more than a mere cliche" in Virginia. *Selected Risks Insurance Co. v. Dean,* 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987). But, as a result of the majority's action today, the doctrine will not even occupy the status of a cliche in this Court.

In *Morris,* we held that an injury is not an injury by accident within the meaning of the Workers' Compensation Act if it results from "repetitive trauma, continuing mental or physical stress, or other cumulative events." *Id.* at 589, 385 S.E.2d at 865. Today's plurality

---

[3] Based on our holding, we do not reach the issue whether Middlekauff has alleged injuries "arising out of" her employment within the meaning of the Act.

opinion states that, in *Haddon*, "the issue whether the gradually incurred nature of the injury . . . excluded it from the purview of the Act was not raised by assignment of error or directly addressed by this Court." The plurality opinion also states that the *Haddon* opinion did not make "any reference to *Morris*."

But even a casual reading of the *Haddon* opinion will reveal why the Court did not refer to *Morris* and why the issue of the "gradually incurred nature of the injury" was not assigned as error or addressed by the Court. *Haddon* simply was not, as the present matter is not, a case controlled by the rule applicable to gradually incurred injury. Rather, *Haddon* was, as the present matter is, a case controlled by the rule applicable to injury resulting from an *intentional tort* occurring in the workplace. And, as the doctrine of stare decisis required us to do, we gave effect to precedent, established in our earlier decisions, "which places an injury caused by the intentional tort of an employer or fellow employee within the definition of injury by accident under the Act." *Haddon*, 239 Va. at 399, 389 S.E.2d at 714. *See Hopson v. Hungerford Coal Co., Inc.,* 187 Va. 299, 46 S.E.2d 392 (1948); *A. N. Campbell & Co. v. Messenger,* 171 Va. 374, 199 S.E. 511 (1938); *Continental Life Insurance Co. v. Gough,* 161 Va. 755, 172 S.E. 264 (1934).

In this case, I would apply the doctrine of stare decisis and give effect to this Court's decision in *Haddon* as well as the earlier cases upon which it was based. As a result, I would affirm the judgment of the trial court.*

---

* It should be emphasized that, while five justices vote to reverse the judgment of the trial court, only three vote to overrule *Haddon*. Hence, *Haddon* remains intact.