COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DONALD LEE KRENISKY

v.   Record No. 2515-96-1                    MEMORANDUM OPINION[*]
                                                PER CURIAM
PROFESSIONAL COATINGS NORTH AMERICA, INC.     MARCH 25, 1997
 A/K/A PROFESSIONAL COATINGS CORPORATION,
 MARINE HYDRAULICS INTERNATIONAL, INC.,
 LEGION INSURANCE COMPANY, MID-ATLANTIC
 COATINGS, INC., AMERICAN GUARANTEE AND
 LIABILITY INSURANCE COMPANY, TIDEWATER
 TEMPS, INC. AND HARTFORD UNDERWRITERS
 INSURANCE COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Robert J. Macbeth, Jr.; Rutter & Montagna,
               on brief), for appellant.

               (F. Nash Bilisoly; Kelly Outten Stokes;
               Vandeventer, Black, Meredith & Martin, on
               brief), for appellees Professional Coatings
               North America, Inc. a/k/a Professional
               Coatings Corporation and Legion Insurance
               Company.

               No briefs for appellees Marine Hydraulics
               International, Inc., Mid-Atlantic Coatings,
               Inc., American Guarantee and Liability
               Insurance Company, Tidewater Temps, Inc. and
               Hartford Underwriters Insurance Company.


     Donald L. Krenisky (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove he sustained an injury by accident arising out of

and in the course of his employment on or about October 17, 1994.

 Upon reviewing the record and the briefs of the parties, we

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that in October 1994, claimant and a coworker were required to move approximately 400 gallons of paint contained in five-gallon buckets from dockside to the deck of a ship.  Claimant was required to lift the buckets approximately chest-height and then place them on a deck rail.  Claimant's coworker, Warren Weidrick, then moved the buckets from the rail to the deck.  Claimant stated that while lifting a specific bucket, he felt a sudden pain in his neck.  Weidrick testified that claimant complained of a kink in his neck.  However, claimant could not identify the exact date or time of his injury.  In early November 1994, claimant began working for another employer performing the same type of work.  Claimant continued to work until January 30, 1995.

Claimant first received medical treatment on October 20, 1994, for complaints of neck and shoulder pain.  The initial medical history reported that claimant thought "he sustained injury carrying five gallon paint bucket."  Claimant next sought medical treatment on November 3, 1994 at Sentara Hospital emergency room.  The emergency room record reported a history of claimant hurting his back lifting five-gallon buckets of paint at

work.  On January 31, 1995, claimant sought medical treatment from Dr. Timothy Raines.  At that time, claimant gave a history of injuring his back about three months earlier.  An MRI performed on January 31, 1995 revealed spondylosis at C5-6 and C6-7 with indications of a possible herniated cervical disc.  Dr. Raines referred claimant to Dr. James F. Allen, a neurosurgeon, for evaluation.  On February 3, 1995, Dr. Allen reported a history of "lifting multiple 5 gallon buckets on an unspecified date while . . . at work."  Dr. Allen diagnosed "underlying cervical spondylosis with some soft suggestions of a right-sided C6-7 disk herniation."  Dr. Allen recommended that claimant undergo conservative treatment before considering surgery.  On June 21, 1995, claimant sought treatment at Sentara Hospital emergency room following a motor vehicle accident.  The emergency room physician diagnosed a cervical strain and lumbar strain.

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment."  Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989).  "[T]o establish an injury by accident, a claimant must prove: (1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change."  Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180,

181 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission found that claimant failed to prove that his disability and resulting medical treatment were caused by an injury by accident occurring at a specific time and place. The commission noted that, at most, the evidence established a non-compensable gradual development of symptoms. These findings are supported by claimant's testimony, as well as the histories contained in the medical records, both of which suggest a gradual increase in symptoms over a period of at least three months.

> [I]njury of gradual growth, . . . not the result of some particular piece of work done or condition encountered on a definite occasion, but caused by the cumulative effect of many acts done or many exposures to conditions prevalent in the work, no one of which can be identified as the cause of the harm, is definitely excluded from compensation.

Morris v. Morris, 238 Va. 578, 585-86, 385 S.E.2d 858, 863 (1989) (quoting Aistrop v. Blue Diamond Coal Co., 181 Va. 287, 293, 24 S.E.2d 546, 548 (1943)).

For the reasons stated, we affirm the commission's decision.

Affirmed.

- 4 -