Present:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Lemons, JJ., and Whiting, S.J.

HARRY ADAMS, ET AL.

v.  Record No. 002613        OPINION BY JUSTICE DONALD W. LEMONS
                                    April 20, 2001
ALLIANT TECHSYSTEMS, INC., ET AL.

      UPON QUESTIONS OF LAW CERTIFIED BY THE UNITED STATES
        DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

      On October 27, 2000, the United States District Court for

the Western District of Virginia entered an order of

certification requesting that we exercise our certification

jurisdiction, Va. Const. art. VI, § 1; Rule 5:42, and answer

the following questions:

> 1.   Does the Virginia Workers' Compensation
> Act bar a plaintiff from bringing a common-law
> cause of action to recover damages for his or
> her hearing loss resulting from cumulative
> trauma if the claim accrued during the period
> in which such hearing loss was not a
> compensable injury or disease under the Act?
>
> 2.   If an alleged impairment is not
> compensable under and not barred by the
> Virginia Workers' Compensation Act, must the
> plaintiff still file a claim with the Workers'
> Compensation Commission before filing a common-
> law cause of action?

      We accepted the certified questions by order entered on

December 14, 2000.  For the reasons stated below, we answer

both certified questions in the negative.

                            I. Facts

Three hundred and forty-two (342) plaintiffs either are working or have worked at the Radford Army Ammunition Plant ("Arsenal") in Radford, Virginia, and seek damages for hearing loss allegedly caused by exposure to unsafe, hazardous, and excessive noise levels while working at the Arsenal. Hercules, Inc. ("Hercules") operated the Arsenal until about February 1995, when operations were undertaken by Alliant Techsystems, Inc. ("Alliant").[1] Plaintiffs filed a complaint in the United States District Court for the Western District of Virginia, alleging that defendants negligently conducted manufacturing operations during their respective tenures of operating the Arsenal, causing each plaintiff to suffer either partial or total hearing loss.

Defendants moved to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. They maintain that the exclusivity provision of the Virginia Workers' Compensation Act, Code § 65.2-100 et seq. ("Act"), bars the plaintiffs' common law personal injury claims and that, even if plaintiffs' claims are not barred, plaintiffs must, nonetheless, file a claim with the Workers' Compensation Commission ("Commission") and have compensability

---

[1] Hereafter, Alliant and Hercules will be referred to collectively as "defendants."

2

determined by the Commission before filing a common law cause of action.

## II. Analysis

On March 1, 1996, this Court decided The Stenrich Group v. Jemmott, 251 Va. 186, 467 S.E.2d 795 (1996). Three cases involving claimants seeking compensation for disease caused by repetitive motion or trauma under the Act were consolidated for consideration under Jemmott. Two cases involved carpal tunnel syndrome and one case involved "trigger thumb." We held that "job-related impairments resulting from cumulative trauma caused by repetitive motion, however labeled or however defined, are, as a matter of law, not compensable under the [then existing] provisions of the Act." Id. at 199, 467 S.E.2d at 802. Several months later, on September 3, 1996, the Court of Appeals of Virginia rendered an opinion in a hearing loss case, stating that "the Supreme Court's decision in Jemmott mandates our holding that gradually incurred industrial hearing loss is a noncompensable, cumulative trauma condition or injury," under the terms of the then existing Act. Allied Fibers v. Rhodes, 23 Va. App. 101, 102, 474 S.E.2d 829, 829-30 (1996).

Apparently in response to Jemmott and Allied Fibers, the General Assembly amended the Act, effective July 1, 1997, to exclude carpal tunnel syndrome and hearing loss as

occupational diseases pursuant to Code § 65.2-400, but to include them as ordinary diseases of life under Code § 65.2-401.  See Code § 65.2-400(C).  Accordingly, after July 1, 1997, hearing loss is within the purview of the Act.

Defendants contend that between March 1, 1996 (when we decided Jemmott) and July 1, 1997 (when the amendment to the Act became effective), a "narrow window" occurred, wherein claims for hearing loss caused by cumulative trauma were not within the purview of the Act.  By contrast, plaintiffs maintain that such claims were never within the purview of the Act before July 1, 1997.

As early as 1943, in Aistrop v. Blue Diamond Coal Co., 181 Va. 287, 24 S.E.2d 546 (1943), we noted that "injury of gradual growth, . . . caused by the cumulative effect of many acts done or many exposures to conditions prevalent in the work, no one of which can be identified as the cause of the harm, is definitely excluded from compensation."  Id. at 293, 24 S.E.2d at 548 (quotation marks omitted).  Two years after our decision in Aistrop, the General Assembly amended the Act to include limited coverage for occupational diseases. However, as we noted in Morris v. Morris, 238 Va. 578, 586, 385 S.E.2d 858, 863 (1989)(citing Lane Co. v. Saunders, 229 Va. 196, 199 n.* 326 S.E.2d 702, 703 n.*), despite many opportunities and the passage of what has now been over 50

4

years, the legislature "has made no change in the Aistrop rule with respect to injuries gradually incurred." Moreover, in Western Elec. Co. v. Gilliam, 229 Va. 245, 247-48, 329 S.E.2d 13, 14-15 (1985)(internal footnote omitted), we stated:

> Some contend that any disability arising out of and during the course of employment, including disabilities resulting from both injuries and diseases caused gradually by repeated trauma, should be made compensable under the Workers' Compensation Act. But such a consequential decision, impacting as it must a broad spectrum of economic and social values, is a matter of public policy reserved to the original and exclusive jurisdiction of the General Assembly, and we will not trespass upon its domain.

Additionally, we have held that the Court of Appeals erred in holding that a torn rotator cuff muscle caused by repetitive trauma was compensable under the Act. See Merillat Indus., Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993). Thus, from Aistrop in 1943 to Jemmott in 1996, this Court has consistently held that, whether characterized as an injury or a disease, if the job-related impairment "result[ed] from cumulative trauma caused by repetitive motion," it was not compensable under the Act. Jemmott, 251 Va. at 199, 467 S.E.2d at 802.

A particular claim may be non-compensable for one of two reasons: (1) it does not fall within the purview of the Act, or (2) while within the purview of the Act, certain defenses preclude recovery. Defendants assert that plaintiffs' claims

5

fall within the purview of the act and its exclusivity provision, Code § 65.2-307.  We disagree.

A similar question was presented in Middlekauff v. Allstate Ins. Co., 247 Va. 150, 439 S.E.2d 394 (1994), which involved a claim of intentional infliction of emotional distress from cumulative incidents.  The trial court dismissed Middlekauff's tort action, holding that the exclusivity provision of Code § 65.2-307 barred a common law suit.  We reversed and held that:

> Here, Middlekauff alleges a gradually incurred injury caused by cumulative events.  Specifically, she alleges a "pattern of abusive behavior," continuing over an extended period of time, and she states that this conduct caused her severe emotional distress.  Further, Middlekauff's pleadings do not allege an injury that can be construed as resulting from an obvious sudden mechanical or structural change in her body.  Therefore . . . we conclude that Middlekauff has not alleged such an injury within the purview of the Act.

Id. at 153, 439 S.E.2d at 396.

The General Assembly's modification of the Act to include coverage for hearing loss took effect on July 1, 1997.  As we have previously observed, "[r]etrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest."  Duffy v. Hartsock, 187 Va. 406, 419, 46 S.E.2d 570, 576

6

(1948) (quoting Whitlock v. Hawkins, 105 Va. 242, 53 S.E. 401 (1906)).  Finding nothing in the statute expressing or even implying retroactive application of the amendment to the Act, we hold that the provision including hearing loss did not apply to causes of action that accrued prior to July 1, 1997.

Having determined that prior to July 1, 1997, hearing loss was not within the purview of the Act, the employees' common law right of action for damages for that injury is not impaired by the Act.  As we stated in Griffith v. Raven Red Ash Coal Co., 179 Va. 790, 798, 20 S.E.2d 530, 534 (1942):

> Our conclusion is that the Workmen's Compensation Act is exclusive in so far as it covers the field of industrial accidents, but no further.  To the extent that the field is not touched by the statute, we think that the legislature intended that the employee's common-law remedies against his employer are to be preserved unimpaired.

Of course, a successfully asserted defense under the Act may render a particular claim non-compensable; however, there is a significant difference between a claim arising within the purview of the Act that is subject to defenses and a claim that is not within the purview of the Act at all.  In the former case, there is no recourse to common law remedies; in the latter case, there is.  See Williams v. Garraghty, 249 Va. 224, 238, 455 S.E.2d 209, 218 (1995).

7

Defendants maintain that plaintiffs are required to file a workers' compensation claim with the Commission so that compensability may be determined in the first instance by the Commission.  They suggest that such a result is compelled by Code § 65.2-700 which provides that "[a]ll questions arising under this title, if not settled by agreements of the parties interested therein with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided."  We disagree.

Where it is clear on the face of the pleadings that a claim is not within the purview of the Act, it is not necessary for plaintiffs to submit their claims to the Commission.  Certified question number two assumes that the claim "is not compensable under and not barred by the Virginia Workers' Compensation Act."  Because the plaintiffs are not within the purview of the Act, they are not required to submit their claims to the Commission before pursuing their common-law causes of action.

Accordingly, both of the certified questions are answered in the negative.

*Certified questions answered in the negative.*